-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTON GEGA,

        Petitioner,

-v-

ERIC H. HOLDER, JR, A.G.U.S.,

        Respondent.



DECISION and ORDER
11-CV-0584A(F)

    Petitioner Anton Gega, who is currently detained at the Buffalo Federal Detention Facility, has filed a petition pursuant to 28 U.S.C. § 2241, challenging a final order of removal of the Board of Immigration Appeals ("BIA") issued on an unspecified date.[1] The order of the Immigration Judge was entered on November 17, 1999, at the Immigration Court in Fishkill, New York. (Docket No. 1, Petition, at ¶ 1.) For the following reasons, the petition is dismissed because this Court lacks jurisdiction over a petition for a writ of habeas corpus challenging a final order of removal because the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252), divested this Court of jurisdiction over such petitions and placed jurisdiction in the hands of only the United States Courts of Appeals. Petitioner may therefore file a petition for review of the order of removal with the Second Circuit Court of Appeals immediately. The Court takes no position regarding the timeliness of such a petition at this time. See n. 3, *infra*.

---

    [1]In answer to the questions on the form petition as to when the appeal was decided and what the decision was, petitioner states that the "[a]ppeal was recieved 10 days after the 30 day limit." (Petition, at ¶ 1.)

Section 106(a)(1)(B) of the Real ID Act, amends § 242(a) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1252 (2000), and adds the following jurisdictional provision:

> (5) Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[2] in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this chapter . . . .

REAL ID Act, § 106(a)(1)(B)(5), 8 U.S.C. § 1252(a)(5).

Petitioner does not challenge his current detention and seeks review of only the final order of removal.

The Court finds that since petitioner is challenging an order of removal within the meaning of the REAL ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), this Court has no jurisdiction to review the merits of the petition. *See Gittens v. Menifee*, 428 F.3d 382, 383 (2d Cir.2005) ("The REAL ID Act 'eliminates habeas corpus review of orders of removal ....' ") (quoting *Marquez-Almanzar v. INS*, 418 F.3d 210, 212 (2d Cir.2005)). Since the petition was not "pending" on the effective date of the REAL ID Act, May 11, 2005, the Court does not have the authority to transfer this case to the court of appeals. *Wang v. Dep't of Homeland Security*, 484 F.3d 615 (2d Cir. April 19, 2007).

As noted, the sole and exclusive means to review "an order of removal," such as the one challenged herein, is through a petition for review with the appropriate court of

---

[2]The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 8 U.S.C. § 1252(b)(2).

2

appeals[3]. REAL ID Act, § 106(a)(1)(B). In this matter, the Second Circuit Court of Appeals is the appropriate court of appeals because, according to the petition, the Immigration Judge completed the immigration proceedings in Fishkill, New York, which is located within the Second Circuit. INA, § 242(b)(2), as amended, 8 U.S.C. § 1252(b)(2).

**IT IS HEREBY ORDERED,** that the petition is DISMISSED without prejudice.

**FURTHER**, that leave to appeal as a poor person is DENIED.

**FURTHER**, that to inform respondent of the filing and dismissal of the petition, the Clerk of Court shall serve the petition and this Order upon the United States Attorney for the Western District of New York, Civil Division, 138 Delaware Avenue, Buffalo, New York 14202.

**SO ORDERED.**

Dated:    July 27, 2011
          Buffalo, New York

_____
WILLIAM M. SKRETNY
Chief Judge
United States District Court

---

[3]INA, § 242(b)(1), as amended, 8 U.S.C. § 1252(b)(1), provides that "[t]he petition for review must be filed **not later than 30 days** after the date of the final order of removal." (Emphasis added.)